UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD LEE STOECKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 08-1260 |
| ) | |
| LEE RYKER, Warden, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

This matter is now before the Court on Petitioner, Ronald Stoecker's ("Stoecker"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Respondent's Motion to Dismiss [#10] is GRANTED, and the § 2254 Petition [#2] is DISMISSED.

### BACKGROUND AND PROCEDURAL HISTORY

In 1998, a jury in the Circuit Court of Stark County found Stoecker guilty of first degree murder and aggravated criminal sexual assault. He was sentenced to natural life and 30 years' imprisonment. His conviction and sentence were affirmed on direct appeal by the Illinois Appellate Court on December 3, 1999. Stoecker did not file a petition for leave to appeal ("PLA") to the Illinois Supreme Court.

On May 2, 2005, Stoecker filed a petition for relief from judgment, which was construed by the trial court as a post-conviction petition and dismissed on December 29, 2006, as untimely. On June 20, 2008, the Illinois Appellate Court affirmed the dismissal

of the petition was inexcusably untimely. Stoecker then filed a PLA to the Illinois Supreme Court. His PLA was denied on September 24, 2008.

Stoecker now brings the present action seeking federal review of his state court proceedings. In his Petition, he raises essentially four arguments: (1) his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; (2) he received ineffective assistance of trial counsel; (3) he received ineffective assistance of appellate counsel; and (4) he is actually innocent. This Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the present case, Stoecker alleges that he is entitled to relief because of errors purportedly made by his attorneys and the trial court.  He makes no assertion that there is any newly recognized constitutional right, that he was prevented from filing, or that he was unable to discover the factual predicate for his claims through the exercise of due diligence.  Thus, this case does not involve the application of sub-sections (B), (C), or (D) above.

Stoecker's direct appeal became final on December 24, 1999, when the 21-day filing period for pursuing a PLA to the Illinois Supreme Court expired, and his clock began to run on that day.  More than four years elapsed between the time Stoecker's conviction became final and the filing of his post-conviction petition on May 2, 2005.  Even assuming that his untimely post-conviction petition could be deemed properly filed for purposes of tolling, the one-year statute of limitations had already passed long before the Stoecker's post-conviction petition was ever filed.[1]

Thus, the untolled time elapsed between the time Stoecker's appeal became final and the filing of any document that could conceivably represent a properly filed application for relief was more than four years, which exceeds the statutorily prescribed 1-year period

---

[1] To the extend that Stoecker's Petition can be read to request some sort of equitable tolling based on a claim of ineffective assistance of post-conviction counsel, his request must be rejected as the Seventh Circuit has held that ineffective assistance of post-conviction counsel is not sufficient to warrant equitable tolling. Johnson v. McBride, 381 F.3d 587, 589-91 (7th Cir. 2004); Modrowski v. Mote, 322 F.3d 965, 967-69 (7th Cir. 2003).

of limitations after which a federal court cannot entertain a petition brought pursuant to § 2254 by a prisoner in state custody. Therefore, the petition must be denied as untimely.

## CONCLUSION

For the reasons set forth herein, Respondent's Motion to Dismiss [#10] is GRANTED, and Stoecker's Petition for Writ of Habeas Corpus pursuant to § 2254 [#2] is DISMISSED as untimely. This matter is now terminated.

ENTERED this 30th day of January, 2009.

                    s/ Michael M. Mihm  
                    Michael M. Mihm  
                    United States District Judge